CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 03 2014

JULIA P. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES DARNELL FORD,** | ) | **CASE NO. 7:13CV00482** |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **FINAL ORDER** |
| | ) | |
| | ) | |
| **DIRECTOR, VA. DEPT. OF CORR.,** | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

In this closed habeas corpus action under 28 U.S.C. § 2254, petitioner has filed a motion for reconsideration of the final order dismissing his petition. The court referred the petition to the magistrate judge, who prepared a report and recommendation, pursuant to 28 U.S.C. § 636(b), recommending that respondent's motion to dismiss be granted. When the court did not receive any objections to the report within the allotted time, by order entered September 30, 2014, the court adopted the report, granted the motion to dismiss, and dismissed the petition. Petitioner then filed a motion for reconsideration, asserting that he had mailed timely objections. The court took his motion under advisement and directed him to submit copies of the objections, which he has done. All indications on the documents are that petitioner delivered his objections to prison officials for mailing to the court within the time allotted for him to object to the magistrate judge's report. Therefore, the court will grant the motion to reconsider.

On consideration of petitioner's objections and the record, however, the court finds that the objections must be overruled. The report finds that claims 1 and 3 do not state federal claims for relief, that petitioner procedurally defaulted claims 7, 9, and 14 by failing to raise them on appeal, and that the state habeas corpus courts' adjudication of ineffective assistance claims was not contrary to, or an unreasonable application of, clearly established federal law as set forth in

Strickland v. Washington, 466 U.S. 668 (1984), or based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Petitioner objects to some facts, conclusions, and recommendations. After review of the objections and de novo review of the parts of the report and the record pertinent to the objections, the court concludes that the objections fail to state any ground on which the findings, conclusions, and recommendations of the magistrate judge must be amended or rejected.[1] Accordingly, it is hereby

### ADJUDGED AND ORDERED

as follows:

1. Petitioner's motion to reconsider (ECF No. 18) is **GRANTED**, the court's order of September 30, 2014, is **VACATED**; and this case is **REINSTATED** to the active docket;

2. Petitioner's objections are hereby **OVERRULED**;

---

[1] Petitioner does not object to dismissal of claims 1 and 3 as procedurally defaulted, but asserts that the court should allow him to reframe them as ineffective assistance claims to be addressed on the merits, because he raised such claims in an unaddressed motion to amend his state habeas petition. This argument is without merit. See Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (because state habeas court never granted leave for amendment to add a disputed claim, it was not properly raised in state courts for purposes of exhaustion under 28 U.S.C. § 2254). Moreover, as the report states in Footnote 8, petitioner did not include these ineffective assistance claims in his § 2254 petition or bring them in a proper motion to amend that petition.

Petitioner objects to the recommended dismissal of claim 5, which alleged ineffective assistance of counsel for failing to move to strike Juror Watts for cause, based on petitioner's evidence that he and Watts worked together and fought over money. The report states that the state court's dismissal of this claim was not unreasonable under § 2254(d), because the trial record reflects that Watts denied knowing petitioner and affirmed that he could be impartial, and that petitioner failed to tell counsel about knowing Watts until right before the jury left to deliberate. The state court transcripts so reflects (Tr. Tran. 20, 21, 43-46, 1/25/2010; Sent. Tran. 46-49, 6/15/2010), and petitioner offers no clear and convincing evidence to the contrary. In any event, petitioner fails to demonstrate any reasonable probability that the outcome at trial would have been different without Watts on the jury. See Strickland, 466 U.S. at 694. For these reasons, petitioner's objection regarding claim 5 must be overruled.

Petitioner's other objections merely restate or refer to arguments from his response to the motion to dismiss, and as such, do not require further discussion. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir.1982) (finding that court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.). Nevertheless, the court has reviewed the report's findings, conclusions, and recommendations as to all of petitioner's claims and finds no error.

3. The report and recommendation of the magistrate judge shall be and hereby is **ADOPTED** in its entirety;

4. Respondent's motion to dismiss (ECF No. 4) is **GRANTED**;

5. The petition for a writ of habeas corpus under 28 U.S.C. § 2254, is **DISMISSED**;

6. This action is hereby **STRICKEN** from the active docket of the court; and

7. Based upon the court's finding that the defendant has not made the requisite showing of denial of a substantial right, a certificate of appealability is **DENIED**.

The Clerk is directed to send a copy of this final order to petitioner and counsel of record for the respondent.

ENTER: This 3rd day of November, 2014.

/s/ Glen Conrad
Chief United States District Judge